**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

CIVIL ACTION NO. 2:21-cv-580-JLB-NPM

**OLD REPUBLIC INSURANCE COMPANY,**

  *Plaintiff*

v.

**ESTOAIR, LLC; JAMES JOHNSON AND BRADLEY HERMAN, INDIVIDUALLY AND AS INDEPENDENT CO-ADMINISTRATORS OF THE ESTATE OF SANDRA JOHNSON, DECEASED; ERICA DAVIS, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ANDREW DALE DAVIS, DECEASED, AND MINOR CHILDREN, JC, A MINOR CHILD, AND SD, A MINOR CHILD,**

  *Defendants.*

## AMENDED COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Old Republic Insurance Company ("Old Republic"), brings this Amended Complaint[1] against Defendant, EstoAir, LLC ("EstoAir"), as well as the other Defendants named herein who may have an interest in this matter, and avers that:

---

[1] This Amended Complaint is filed as ordered by the Court at the October 7, 2021, preliminary pretrial conference and in the Case Management and Scheduling Order entered on October 12, 2021 (Dkt. 51).

(1) This is an action for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 for the purpose of determining the rights and duties of the parties under an insurance contract.

(2) Old Republic seeks a declaration that, in respect of claims by third parties against EstoAir as the result of a November 30, 2018 plane crash, Old Republic has:

    (a) No duty to defend EstoAir under a corporate aircraft insurance policy issued by Old Republic to TEG Architects, LLC ("TEG"); and/or

    (b) No duty to pay any sums EstoAir may be legally obligated to pay as damages to such third parties under that corporate aircraft insurance policy issued by Old Republic to TEG.

## JURISDICTION AND VENUE

(3) Old Republic is an insurance company incorporated in the State of Pennsylvania with its principal place of business in Illinois.

(4) At all times relevant hereto, EstoAir was a limited liability company formed under the laws of the State of Florida, with its principal place of business in Indiana.

(5) EstoAir is 100% wholly owned by Esto Logistics, LLC, and Esto Logistics, LLC is in turn 100% wholly owned by the Estate of R. Wayne Estopinal.[2]

---

[2] See Document 47, Certificate of Interested Parties & Corporate Disclosure Statement of Defendant EstoAir, LLC, filed with this Court on October 12, 2021.

PD.35731154.2

At the time of his death on November 30, 2018, R. Wayne Estopinal ("Estopinal") was an adult resident of Clark County, Indiana, and the Estate of R. Wayne Estopinal is being administered in Indiana. Therefore, the sole owner of EstoAir is a citizen of Indiana.

(6)     Defendants, James Johnson and Bradley Herman, Individually and as Independent Co-Administrators of the Estate of Sandra Johnson, Deceased, are citizens of Louisiana.

(7)     Defendant, Erica Davis, as Personal Representative of the Estate of Andrew Dale Davis, Deceased, and minor children, JC, a minor child, and SD, a minor child, is a citizen of Indiana.

(8)     Accordingly, complete diversity of citizenship exists between Old Republic and all Defendants in this action.

(9)     In the underlying lawsuits described herein, Defendants James Johnson, Bradley Herman, and Erica Davis seek damages from Defendant EstoAir for the wrongful death of two individuals. Consequently, EstoAir seeks both a defense of and coverage for these claims under the insurance contract at issue in this Declaratory Judgment action, which provides a $10,000,000 each occurrence limit of liability.

(10) In their Initial Disclosures served in this action (attached hereto as **Exhibits A** and **B**, respectively), Defendants James Johnson, Bradley Herman, and Erica Davis each have stated:

> This declaratory judgment action seeks to determine the applicability of the policy of insurance that will or will not provide a defense and potentially pay a recovery for wrongful death claims arising from the crash of a Cessna Citation jet on November 30, 2018 in Indiana. Defendants' decedent was a passenger on the airplane killed in the crash. Discovery in the underlying action had barely commenced and barely proceeded when this declaratory action was commenced. If coverage is deemed to exist, there is $10,000,000 available to compensate the decedents' estates and survivors of the aforementioned crash.

(11) Counsel for all parties have conferred, and while settlement communications are confidential, all parties agree that the amount demanded from EstoAir by Defendants Johnson and Herman (on behalf of the Johnson Estate) and Defendant Davis (on behalf of the Davis Estate and minor children) exceeds $75,000, exclusive of interest, fees and costs.

(12) For the foregoing reasons, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

(13) Venue is also proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the insurance claim occurred in this district, and under 28 U.S.C. § 1391(b)(3) because EstoAir and the other Defendants who have an interest in this matter are subject to personal jurisdiction in this district.

(14)   This action involves a case or controversy because Old Republic seeks a determination of its contractual obligations to EstoAir, if any, under a policy of corporate aircraft insurance Old Republic issued to TEG, in respect of claims by third parties against EstoAir as the result of a November 30, 2018 plane crash near Memphis, Indiana (hereinafter "the Accident").

## THE UNDERLYING LAWSUITS

(15)   On or about November 24, 2020, James Johnson and Bradley Herman, Individually and as Independent Co-Administrators of the Estate of Sandra Johnson, Deceased, filed a lawsuit in Broward County, Florida, against EstoAir (hereinafter "the Johnson Lawsuit").  A copy of the operative complaint filed in the Johnson Lawsuit is attached hereto as **Exhibit C** and incorporated herein by reference.  The Johnson Lawsuit has since been transferred to Collier County, Florida.

(16)   On or about November 24, 2020, Erica Davis, as Personal Representative of the Estate of Andrew Dale Davis, Deceased, and minor children, JC, a minor child, and SD, a minor child, filed a lawsuit in Broward County, Florida, against EstoAir (hereinafter "the Davis Lawsuit").  A copy of the operative complaint filed in the Davis Lawsuit is attached hereto as **Exhibit D** and incorporated herein by reference.  The Davis Lawsuit has since been transferred to Collier County, Florida.

PD.35731154.2

(17) In the Johnson Lawsuit and the Davis Lawsuit (both of which are hereinafter referred to collectively as the "Underlying Lawsuits"), the Plaintiffs seek to recover damages from EstoAir on account of the deaths of Sandra Johnson and Andrew Dale Davis in the Accident.

(18) In the Complaints in the Underlying Lawsuits, the Plaintiffs allege the following, in relevant part:

- Andrew Dale Davis is survived by his wife Erica Davis, and his minor children JD and SD.

- James Johnson and Bradley Herman are the natural surviving children of Sandra Johnson.

- EstoAir was the registered owner of a Cessna Model 525A, airframe serial number 525A0449 (the "Subject Airplane").

- On or about September 3, 2013, EstoAir purchased from Tamarack Aerospace Group, Inc., ATLAS winglets for installation on the Subject Airplane.

- On or about May 28, 2018, Tamarack Aerospace Group, Inc., installed the Tamarack Active Winglets system on the Subject Airplane.

- On November 30, 2018, the Subject Airplane was being operated pursuant to 14 C.F.R. Part 91 on a flight from Clark County Regional Airport in Sellersburg, Indiana, with an intended destination of Chicago Midway International Airport in Chicago, Illinois.

- Andrew Dale Davis was a pilot and Sandra Johnson was a passenger aboard the Subject Airplane for the aforesaid flight.

- On November 30, 2018, and after takeoff for the aforesaid flight, the Subject Airplane with the said Tamarack Active Winglets product in place, deviated from controlled flight and crashed into trees and the ground in Clark County, Indiana, at approximately 10:28 a.m. EST, killing all three persons on board, including Andrew Dale Davis and Sandra Johnson.

- On November 30, 2018, and at all times herein relevant, the Subject Airplane as configured was not reasonably safe, nor airworthy.

- On November 30, 2018, and at all times herein relevant, the Tamarack Active Winglets system was not reasonably safe as designed and not reasonably safe including adequate warnings or instructions causing the Subject Airplane to be not airworthy.

- An aircraft, under Florida law, is a dangerous instrumentality.

- EstoAir, as the owner of the Subject Airplane, had a non-delegable duty to maintain the Subject Airplane in an airworthy condition in order to ensure the safety of its passengers.

- EstoAir breached its non-delegable duty by installing the defective Tamarack Winglet system on the Subject Airplane.

- On November 30, 2018 the dangerous instrumentality (the Subject Airplane) was being flown by an operator chosen by EstoAir (registered owner) and suffered a catastrophic failure of the installed winglets and the pilot was unable to resolve the problem before he lost control of the aircraft.

- As a direct and proximate result of the non-airworthy condition of the Subject Airplane caused by the defective Tamarack Active Winglet system, the Subject Airplane was caused to and did deviate from controlled flight and crashed into trees and the ground in Clark County, Indiana, causing Andrew Dale Davis and Sandra Johnson to suffer injuries that resulted in their deaths.

## THE POLICY

(19)   Old Republic and TEG, a limited liability company formed under the laws of the State of Indiana, entered into a corporate aircraft insurance contract, No. CA00300602, that was in effect for the period March 20, 2018 to March 1, 2019 (the "Policy").  A true and correct copy of the Policy is attached hereto as **Exhibit E**.

(20)   The Policy provides insurance coverage to TEG (and others in certain circumstances) in respect to the Subject Airplane, including defense and indemnity

of liability claims filed by third parties against an insured, subject to the terms, definitions, exclusions, limitations and conditions thereof.

(21)   Pursuant to an Additional Insured Owner-Lessor Amendment to the Policy, EstoAir is included as an additional insured, but only in respect of its interest as the owner-lessor of the Subject Airplane under a written lease to TEG, subject to all other terms, definitions, exclusions, limitations, and conditions of the Policy.

(22)   In relevant part, the Policy provides as follows:

### PART 1.  YOUR POLICY AND COVERAGES
\*\*\*

Throughout this policy, the words "you" and "your" mean the person, persons or organization named in the **Named Insured** section on the Coverage Data Page …

\*\*\*

### PART 3.  LIABILITY COVERAGE
\*\*\*

**Liability Losses Not Covered**

There are certain losses we will not cover.

\*\*\*

**Losses by employees, officers and directors.**  We will not cover the following liability loss:

- Claims for bodily injury to any of your employees, company officers or directors if they died or were hurt in the course and scope of their work for you; or

- Claims for which you or any insurance company as your insurer are responsible under unemployment compensation, workers' compensation, disability benefits or other similar laws.

\*\*\*

I.  **FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF RELATIVE TO OLD REPUBLIC'S DUTIES (IF ANY) TO DEFEND AND/OR INDEMNIFY ESTOAIR UNDER THE POLICY**

(23) Old Republic re-alleges and reiterates each and every allegation contained in the foregoing numbered paragraphs as though set forth fully herein.

(24) EstoAir requested that Old Republic defend and indemnify it under the Policy in connection with the Underlying Lawsuits.

(25) Old Republic agreed to provide a defense to EstoAir under the Policy, in respect of the Underlying Lawsuits, albeit subject to a full reservation of rights.

(26) At the time of the Accident, Andrew Dale Davis and Sandra Johnson were employed by TEG and onboard the Subject Airplane in the course and scope of their employment by TEG.

(27) Old Republic seeks a declaration that, under the Policy, it has no duty to defend EstoAir against any actual or potential claims in the Underlying Lawsuits, or to pay any sums EstoAir may be legally obligated to pay any claimants in the Underlying Lawsuits, because the Policy expressly excludes coverage of claims for bodily injury to any of TEG's employees who died in the course and scope of their work for TEG.

WHEREFORE, Old Republic respectfully requests:

A.  That this Court determine and adjudicate the rights and liabilities of the parties to this action under the Policy in respect of actual claims arising from the Accident;

B.  That this Court find and declare that Old Republic has no duty to defend EstoAir against the claims in the Underlying Lawsuits, or to pay any sums EstoAir may be legally obligated to pay any claimant(s) as a result of the Accident; and

C.  That the Court grant such other and further relief as it may deem just and proper, including the attorneys' fees, costs and disbursements incurred by Old Republic in this action.

Respectfully submitted this  21st  day of October, 2021.

**PHELPS DUNBAR LLP**

 /s/ *Erin Raschke*
Erin Raschke, Esq., Fla. Bar No. 13397
erin.raschke@phelps.com
Rhett Parker, Esq., Fla. Bar No. 92505
rhett.parker@phelps.com
100 South Ashley Drive, Suite 2000
Tampa, FL 33602
Telephone: (813) 472-7550
Facsimile:  (813) 472-7570
*Attorneys for Plaintiff, Old Republic Insurance Company*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the   21st   day of October, 2021, this document was served upon all counsel of record via the Court's ECF system.

 /s/ *Erin M. Raschke*
Attorney

PD.35731154.2